**E-Filed/JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-9679-GHK (CWx) | | Date | November 30, 2011 |
|---|---|---|---|---|
| Title | *Advanced Group 05-86, LP v. Ahsan Mohiuddin* | | | |

| Presiding: The Honorable | **GEORGE H. KING, U. S. DISTRICT JUDGE** |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**        **(In Chambers) Order Remanding Case**

On November 21, 2011, Defendant Ahsan Mohiuddin ("Defendant") removed the above-titled unlawful detainer action to this Court.  The Notice of Removal ("NOR") asserts that we have jurisdiction under 28 U.S.C. § 1443(1), which provides that a defendant may remove from the state court any action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Finley v. United States*, 490 U.S. 545, 547-48 (1989), we must determine the issue of subject matter jurisdiction before reaching the merits of a case.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

In his NOR, Defendant appears to argue that he is unable to enforce his constitutional and statutory rights in the state court unlawful detainer action, as evidenced by the state court's recent order against him, which denied his Motion to Quash Service of Process and ordered him to answer the Plaintiff's Complaint.  Defendant alleges that the state court commissioner's "erroneous ruling(s) . . . create a doubt in minds of reasonably minded persons that he will be unbiased/unprejudiced [sic] during trial."  Defendant also notes "that the [state court] commissioner and the attorney for plaintiff (David Schonfeld) are both caucasians and the defendant an Asian, racewise," which suggests "that he might have been under a prejudicial state of mind (a prejudice based on race) at the time he made those rulings."  Based on these contentions, Defendant appears to argue that removal under § 1443 is warranted.

The Supreme Court has interpreted § 1443 restrictively, implementing a two-part test that parties petitioning for removal must meet:

First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights.  Second, petitioners must

**E-Filed/JS-6**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9679-GHK (CWx) | Date | November 30, 2011 |
|---|---|---|---|
| Title | *Advanced Group 05-86, LP v. Ahsan Mohiuddin* | | |

assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*People v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (citing *Georgia v. Rachel*, 375 U.S. 780 (1966); *Greenwood v. Peacock*, 384 U.S. 808 (1966)). Here, Defendant does not cite a state law or constitutional provision that directs state courts to ignore his civil rights. He makes an allegation of bias by one state court commissioner, evidenced by one purportedly erroneous ruling. However, "[b]ad experiences with the particular court in question will not suffice." *Id.*; *see also HSBC Bank USA v. Cabal*, No. 10cv1621 WQH (POR), 2010 WL 3769092, at *2 (S.D. Cal. Sept. 21, 2010) (remanding state court unlawful detainer case removed under allegations of state court bias); *Wells Fargo Bank, N.A. v. Pax*, No. SACV 11-00302-JST (RZx), 2011 WL 781477, *1 (C.D. Cal. Feb. 25, 2011) (remanding unlawful detainer action where defendant had not referenced a statute or constitutional provision that commanded state courts to ignore his federal rights). Federal district courts have no appellate jurisdiction over state courts and thus do not have authority to review state court decisions. *Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006) (describing the *Rooker-Feldman* doctrine). If Defendant is displeased with the result of his case in state court, his only recourse is to appeal the Superior Court's decision via the state court appeals process, and perhaps ultimately to the United States Supreme Court.

Defendant has asserted no other basis for federal jurisdiction, nor is one evident based on his Notice of Removal and the state court Complaint. *See California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) ("In determining the presence or absence of federal jurisdiction, we apply the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (internal quotation marks omitted)). The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen,* 511 U.S. at 377. Defendant has not established that we have subject matter jurisdiction over this action. Accordingly, we hereby **REMAND** this case to the state court from which it was removed. Plaintiff's ex parte application to remand this action to state court, erroneously entitled "Ex Parte Application to Dismiss Complaint," (Dkt. No. 4), is **DENIED as moot.**

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| Initials of Deputy Clerk | | Bea | |